# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2002

## TIMMY FULTON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6195     Joseph H. Walker, Judge**

---

**No. W2001-01402-CCA-R3-PC - Filed March 18, 2002**

---

The Appellant, Timmy Fulton, appeals from the Lauderdale County Circuit Court's dismissal of his petition for post-conviction relief. In October of 1996, Fulton was convicted of second degree murder and sentenced to twenty-two years in the Department of Correction. On appeal, Fulton contends that he received ineffective assistance of counsel at trial based upon: (1) trial counsel's failure to investigate and determine his competency to stand trial or to investigate a diminished capacity defense; and (2) trial counsel's failure to adequately investigate the facts and interview material factual witnesses "in preparation of a possible factual defense." After review, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES, J. and ROBERT W. WEDEMEYER, J., joined.

D. Michael Dunavant, Ripley, Tennessee, for the Appellant, Timmy Fulton.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey C. Brewer, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

In 1996, the Appellant was convicted following a jury trial of second degree murder and sentenced to twenty-two years imprisonment. His conviction and sentence were affirmed on direct appeal. *See State v. Timmy Fulton*, No. 02C01-9706-CR-00223 (Tenn. Crim. App. at Jackson, Apr. 21, 1998), *perm. to appeal denied*, (Tenn., Dec. 28, 1998). The Appellant's conviction stems from his fatal shooting of a male acquaintance who the Appellant stated that he was going to "get." The Appellant obtained a pistol from an accomplice, entered the victim's car and shot the victim,

resulting in death. The accomplice, who pled guilty to facilitating second degree murder, testified against the Appellant at trial. Trial counsel for the Appellant testified at the post-conviction hearing that the Appellant steadfastly maintained that he did not kill the victim. As such, trial counsel proceeded to trial upon the defense that the victim was murdered by the accomplice, who had on one occasion indicated that he was the shooter.

In December of 1999, the Appellant filed his *pro se* petition for post-conviction relief which was later amended following appointment of counsel. At the conclusion of the evidentiary hearing, the petition was denied. This timely appeal follows.

## ANALYSIS

The Appellant bears the burden of establishing his allegations contained in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Findings of fact and conclusions of law made by a post-conviction court are given the weight of a jury verdict. *Davis v. State*, 912 S.W.2d 689, 697 (Tenn. 1995). Unless evidence contained in the record preponderates against the judgment, this court is bound by those findings on appeal. *Id.* The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact; thus, our review of this case is *de novo*. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Furthermore, to succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency.

### A. Competency to Stand Trial - Diminished Capacity Defense

The Appellant raises three issues regarding his mental competency and presentation of an insanity or diminished capacity defense: (1) that counsel "failed to adequately investigate [his] competency to stand trial; (2) that counsel "failed to adequately investigate the facts and interview material witnesses in preparation of a possible insanity or diminished capacity defense;" and (3) that "during the pendency of the trial proceedings, [he] was under the influence of psychotropic prescription medication."

First, we are compelled to observe that the competency/diminished capacity issues raised on appeal by the Appellant, which are contradictory to his position at trial, are not supported by the record at the post-conviction hearing. The following testimony is noted:

Q. [Post-Conviction Counsel]: Do you remember telling me previously that at that time you believed that you were on drugs, these prescription medications, and you didn't know what was going on?
A. [Appellant]: Well, I – I knows what was going on and I was given medication so, you know.

Q. Did you take that medication?
A. No, sir.[1]

. . .

Q. [Post-Conviction Counsel]: Okay. Did you ever tell [defense counsel] that you felt like you had some mental problems and you didn't know what you were doing at the time that this man was killed?
A. [Appellant]: Uh --

Q. Did you tell [defense counsel] - - did you tell your lawyer when you were getting ready for trial that you thought that you didn't know what happened because you had some mental problems, you didn't know what you were doing?
A. I mean, uh - - I mean, I remember and knows what I do, you know, and all that.

. . .

Q. [Prosecutor]: Okay, All right. [Defense counsel] did call witnesses on your behalf. Do you remember who those witnesses were?
A. [Appellant]: She called witness - - several witness for me.

Q. Okay. All right. Do you think she called enough witnesses at your trial?
A. Yes.

Q. The answer is yes?
A. Yes.


Prior to and during trial, the Appellant was represented by three attorneys from the Lauderdale County Public Defender's Office. Contrary to the Appellant's assertions on appeal, the proof at the post-conviction hearing established that trial counsel explored a defense of insanity and the Appellant's competency to stand trial. At the request of defense counsel, the Appellant's emotional and mental capacity was evaluated by Dr. Jim Causey. Dr. Causey found the Appellant to be fully competent to stand trial and capable of understanding court proceedings. Dr. Causey further concluded that the Appellant was "not in need of ongoing mental health treatment" or "in need of any additional evaluation on an inpatient basis." At the post-conviction hearing, trial counsel testified that she had no problem discussing the case with the Appellant and felt he was "lucid, rational, and able to discuss all aspects of the case." Trial counsel testified that she and/or other members of the defense team met with the Appellant prior to trial on at least five separate occasions and visited several hours during each visit. Trial counsel stated that the Appellant appeared to interact and respond appropriately to all discussions and questions. At the post-conviction hearing, the Appellant presented no proof to support his assertion that he was incompetent to stand trial or

---

[1]In view of the Appellant's response, we find any further review of this particular issue unnecessary.

that an insanity or "diminished capacity" defense would have been viable. It is the Appellant's burden to prove the allegation of his petition by clear and convincing evidence. Failure to do so will result in dismissal of the issue. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We conclude, from the evidence presented at the post-conviction hearing, that the performance of counsel was not deficient with respect to further investigation of the Appellant's mental competency or development of a mental illness defense. Because we find no such deficiency, we need not address the prejudice prong of *Strickland*.

### B. Preparation For a Factual Defense

Finally, the Appellant contests the effectiveness of trial counsel by arguing that defense counsel "failed to adequately investigate the facts and interview material factual witnesses in preparation of a possible factual defense in this case." At the post-conviction hearing, trial counsel testified that both she and other members of the defense team traveled to Halls, Tennessee, where they knocked on doors and interviewed people who lived on the street where the murder took place. The record indicates numerous witnesses were interviewed. With the exception of two persons identified by the Appellant, trial counsel testified that she spoke with all potential witnesses whose names were provided to her by the Appellant prior to trial to determine whether their testimony would be beneficial. Although the Appellant argues that counsel failed to interview potential witnesses, identified only as "Tracey" and "James," trial counsel testified that she looked for these two individuals but was unable to locate them. Again, these witnesses were not produced at the post-conviction hearing, therefore, we are clueless as to the basis for their materiality.[2] Moreover, the Appellant fails to give reasons as to why or how the testimony of these additional witnesses would have affected the outcome of his case. Because the Appellant has failed to show how the absence of these witnesses was prejudicial, the issue raised is without merit.

### CONCLUSION

Based upon the foregoing, we find that the Appellant received effective assistance of counsel at trial. The Lauderdale County Circuit Court's denial of the Appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[2]At the post-conviction hearing, the Appellant's testimony suggests that "Tracey and James" would have testified on behalf of the Appellant as character witnesses.